The 4th District Appellate Court of the State of Illinois has reconvened. The Honorable Catherine E. Zienoff presiding. Good afternoon everyone. This is case number 4-25-0030, People of the State of Illinois v. Maurice Cross. Would counsel for the appellant please identify yourself for the record? Yes, good afternoon your honors. Sarah Free, last name F-R-E-E for Maurice Cross. Thank you. And would counsel for Eppley identify yourself please? Yes, this is Courtney O'Connor for the state. Thank you. All right, Ms. Free, you may go ahead and start your argument. Thank you your honor. Good afternoon again and good afternoon counsel and may it please the court. My name is Sarah Free, counsel for the defendant appellant in this case, Maurice Cross. The heart of this case is the weakness of Des and Phillips' testimony. The weaknesses of this testimony compounded with the trial court's errors require outright reversal or at minimum a new trial. The trial court committed three errors. First, finding Phillips sufficiently reliable enough to prove Mr. Cross guilty beyond a reasonable doubt. Second, relying on facts that were not in evidence in order to find Mr. Phillips credible. And third, improperly commenting on Mr. Cross' right to remain silent. The state concedes that the trial court made errors when it found Phillips' testimony credible, but it characterizes these errors as minor misstatements of evidence. They were not. Mr. Cross' conviction depended entirely on this one witness. In addition to these errors, the trial court repeatedly described Phillips' testimony as either unrebutted or uncontradicted, implying that Mr. Cross needed to testify in order to be acquitted. This was improper comment on his right to remain silent. Because the only evidence supporting this conviction was testimony that was not sufficiently reliable enough to identify Mr. Cross the shooter, I respectfully ask this court to reverse outright. At minimum, the errors that the court made in finding Phillips credible and indirectly commenting on Mr. Cross' right to remain silent require a new trial. Now this afternoon, I'll focus on the first two issues in my brief, but I'm happy to answer any questions that the court might have about the third issue, which is the sentencing issue. Mr. Cross is entitled to an outright reversal of his conviction because Phillips' testimony by itself was insufficient to prove guilt beyond a reasonable doubt. The trial court itself recognized how thin the evidence was. The court described the case as an odd case because none of the typical hallmarks of a shooting case were offered by the state. There were no photos of injuries that were admitted, no doctors testified, and no firearm was ever recovered. And because of how thin this evidence was, the trial court was absolutely right that this case lives and dies on Des and Phillips' testimony. However, the state conceded that the trial court committed errors when assessing credibility. Specifically, the court relied on facts that were not in evidence and misstated the record. These concessions matter because the testimony was the only evidence that the court used to justify the guilty finding. Now, the context of this testimony and the state's theory makes its weaknesses even more pronounced. The state's theory required that the court accept a number of different events. First, that Mr. Cross was fistfighting with Vernon Andrews, then Isaac Johnson fires a warning shot, and then in the span of seconds, Mr. Cross somehow grabs Johnson's gun, but nobody saw him do this. He then shoots Vernon Andrews, but nobody saw that either, including the eyewitness who was a foot away from Andrews. And then he chased down his own cousin and shot him eight times without any motive. And this was an event that only Phillips himself claimed to have observed. So against this backdrop, credibility was really everything. But when the trial court found Phillips credible, it justified this finding with facts that were not in evidence and misstatements of testimony, errors that the state again concedes on page 13 of its brief. Now, the state urges this court to view these errors as minor misstatements that didn't affect the overall ruling, but I urge this court to reject that characterization. The court first relied on evidence that had been stricken from the record. It stated that Phillips testified that he called the shooter cousin during this face-to-face interaction, even though that statement, like I said, had been stricken. And this evidence was crucial for the court because the court stated that it was more evidence that Phillips knew who was shooting him. It was solid identification evidence for the court. Counsel, doesn't the record contain multiple pieces of evidence that this was his cousin and not just that statement? The record does contain evidence that Maurice Cross is the second cousin of Des and Phillips, but this testimony where Phillips is having this face-to-face interaction with the shooter and he says, I was here and I was calling him cousin, I was calling him cousin, that's the only testimony that Phillips had that refers to the alleged interaction that he had with the shooter. You're talking about including the testimony that we stared at each other like we were trying to figure out why I didn't hit or get hit and we stared at each other and then I got hit twice, once in the shoulder, the left shoulder, and once in the left butt cheek? Yes, your honor. So you're correct that that testimony does refer to this interaction, but the testimony that I just referred to was the single and only time that Phillips said he called the shooter cousin during this interaction. Are you indicating that Phillips didn't know him, that no, he wasn't his cousin? I'm afraid I'm missing the point here. I'm sorry. I'm indicating here that Phillips's identification was not reliable enough to prove Maurice Cross guilty beyond a reasonable doubt of shooting him. So here, the conditions for an accurate identification just weren't present. Mr. Phillips, was not a credible witness despite the trial court finding him credible. He flip-flopped a lot on his evidence regarding when he saw a gun, if he saw a gun, who he saw a gun with. And we know too that the conditions that Mr. Phillips was under would be stressful for anybody. We have weapons focus. He testifies that he turned around and saw a barrel of a gun directly in his face. There was the stress of the event that impacted Mr. Phillips's degree of attention. And Mr. Phillips had also been drinking for at least six hours prior to this interaction and had vision problems. And so I'm not arguing that he didn't know that Maurice Cross was his cousin or that that's not the fact, but I'm arguing that the conditions were just not present for his identification in this moment to be reliable. In that moment being face-to-face with the person who shot him. That's correct. Before he turned to run. That's correct. And you're saying he misidentified him. That's correct. And so again, excuse me, the trial court knew all of this obviously, right? And was the one in a position to make that credibility determination and to weigh just what you, the factors you mentioned, that he had been drinking, that he had some vision issues. Correct? That's correct, Your Honor. Okay. And I would like to point out too that when, you know, referring to, or rather when we're doing a sufficiency of the evidence argument, there is a very deferential standard. And the presumption that underlies this deferential standard is that the trial judge was considering only evidence that was in the record. And when there's affirmative evidence that's in the record that the trial court considered things that were outside of what was admissible here, the stricken testimony, and then another error when he remembered the evidence, that affirmative evidence shows that the trial court wasn't just considering admissible evidence. And so that undercuts the whole presumption of the more deferential standard here. When the trial court made the first error, but again, like I said, this wasn't the only error. His finding of credibility was compromised again, when he misremembered critical witness testimony, when he stated that the shooter racked or reloaded the gun. And this was something that no witness ever said. And this was prejudicial because if the court believed that Mr. Cross reloaded the gun with more ammunition, that implies that Mr. Cross had ammunition to reload it with, which implies that he brought the gun to this fight when it was undisputed that Mr. Cross did not bring a gun. We know that Isaac Johnson shot the gun first. Isaac Johnson testifies that he finds his gun on the ground. And this shows that the court's view of the entire case was shaped by a factual error. Mr. Freed, is that their testimony or evidence of there being a de-cocking of the gun? So there was... And therefore, an inference can be made that when that took place, that the gun was then not necessarily additional ammo added to it, but put into the chamber by that de-cocking of the gun. Your Honor is correct that the word de-cocked was used. There were several different words that were and de-cocked. And then the court stated that the shooter goes to rack or reload the gun. And here, my understanding of... You're saying that racking is just putting another round in the chamber, right? Certainly.  Yeah. And so here, de-cocking, if we take that to be the word that we can't square that with racking or reloading, because my understanding is that that does much of the opposite of what making the gun more safe, unable to fire. And it's the opposite of doing something like racking it with another round or reloading it. And so here, ultimately... Something happened with the gun because there were additional shots fired, correct? That was Phillips's testimony. But again, there was no ballistics evidence. No firearm was ever recovered. What we know is that Phillips testified that the gun had some sort of malfunction, but that's the only piece of evidence that we have that this happened. And the holes in his body? And the holes in his body, there were no medical records that were admitted. We know that Detective Chase did testify that he saw the injuries on Mr. Phillips's back. But here, again, we don't even know with any certainty how many times Mr. Phillips was shot because he talks about how, I was shot eight times. That was what they said at the hospital. And frankly, this just isn't enough, again, combined with the trial court's errors to prove Mr. Cross guilty beyond a reasonable doubt. The trial court had other witness testimony to consider. I mean, we have the testimony of Norman and Johnson. The trial court didn't put as much stock in their testimony. Maybe, I believe the trial court felt that their testimonies corroborated each other up to a point. But then, when they suddenly didn't see the shooting and couldn't identify the person, but Phillips did, it seems to me that the trial court perhaps had reason to put more weight and feel that Phillips was credible here. Your Honor is correct. The trial court found that both Amber Norman and Isaac Johnson, as you said, once the events get to the point of the shooting, the trial court finds both of these witnesses to not be credible. And despite the fact that the trial court found Phillips to be much more credible than these other two witnesses, the trial court repeats this throughout the record, it still stands that this one eyewitness identification by Phillips was not sufficient to sustain a conviction because that identification was not reliable, given the context of the state's weak evidence, as well as all of these conditions that existed that compromised Mr. Phillips' ability to accurately identify the shooter. So given all of the weaknesses in the state's evidence, the court's credibility finding for Mr. Phillips really needed to be airtight because this was the only thing that the trial court relied on. And it wasn't airtight because there were errors that the court made in finding Mr. Phillips to be credible. I'm happy to answer any more questions on this issue, but if there are any more, I'm also happy to move on to the next. Okay, so the second issue is closely tied to this first issue because it also concerns Mr. Phillips' testimony. The trial court here denied Mr. Cross a fair trial by repeatedly describing the state's only piece of evidence, which was Phillips' testimony, as unrebutted or uncontradicted, which was indirect comment on Mr. Cross's failure to testify. Now, most of the testimony that the court labeled unrebutted or uncontradicted, again, concerned this face-to-face interaction with Phillips and the shooter. And this was critical because Phillips was the only witness who claimed that he could identify the shooter. And in a case where the evidence here was closely balanced, these errors and these comments were prejudicial. Now, importantly, the court's comments didn't need to be direct or explicit comments to or references of Mr. Cross not testifying. These could be indirect comments when Mr. Cross was the only person who could have contradicted the state's evidence. And I can explain why that was the implication here. The court made... You say he's the only one that could, but there were multiple people at this party or at the location of this incident, correct, that potentially could have testified and rebutted some of the testimony. That's correct. There were a number of people at this incident. And so two of those people were actually called by the state. Again, this was Amber Norman and Isaac Johnson. Both of these witnesses were called. Neither of these witnesses identified Mr. Cross as the shooter. And so despite the fact that there were two states' witnesses that could not identify the shooter, the court still believed that this evidence was unrebutted. The implication here is that even in the face of contradiction, only the other person in this face-to-face interaction could have said this happened differently or this didn't happen. Now, again, the multiple people that were in the area at the time included those two states' witnesses. And the trial court's comments indicated that they were impermissible comment on Mr. Cross's right to remain silent. And this is more consequential here than a prosecutor's comments and argument, since in this case, we had a bench trial and the court was the finder of fact. And we don't have to speculate about the effect that these sorts of comments might have had on a jury. The court simply told us that it believed that the evidence was unrebutted. And because of this mistake, Mr. Cross should receive a new trial on this issue as well. Now, ultimately, without the encounter between Mr. Phillips and the shooter, no evidence at all placed Maurice Mr. Cross as the shooter, as defense counsel argued. And given the weaknesses of Phillips' testimony, plus the errors that the trial court made, this case requires a new trial or an outright reversal. And so for all of the reasons stated both in argument and in the brief, we respectfully request that this court reverse outright or remand for a new trial. Thank you. Thank you. Ms. O'Connor. Thank you. Afternoon, court and counsel. May it please the court. As counsel has indicated, this really comes down to Mr. Phillips' testimony and eyewitness identification of defendant as the shooter on July 15th, 2023. I think it's important to note here that it was not counsel argues that it was a weapon focus in this case and that because of the weapon focus and the stress of the events that happened that the identification was not reliable. However, it's important to go back to the testimony and see that Mr. Phillips did testify that after the physical altercation ensued, and the two shots were fired by Isaac Johnson, and he attempted to escape, he first saw an individual walk up to him. And then it was that when he was two feet away, he then saw the weapon. It wasn't that he saw the weapon and then saw the individual. It's that he testified that he saw an individual who he testified was Mr. Cross, who he knew as his second cousin from birth. And then he testified that it was then that Mr. Cross raised the gun to shoot him in the face, which ended up misfiring. And then it was at that point that Mr. Phillips testified he confronted Mr. Cross and stared at him. And then Mr. Cross attempted to, Mr. Cross then shot two more shots into his shoulder and his rear end, his rear. And then it was at that point that he confronted the defendant. The state would argue that this was not a weapon focused situation, or that Mr. Phillips was stressed out in this event as he was staring at his cousin who was attempting to shoot him and then ended up shooting him. The court found this testimony credible. And then following this, the counsel argues that it was not proper for the court to find Mr. Phillips' testimonies credible due to the court relying on evidence that was stricken here, which was the comment about Mr. Phillips referring to defendant as his cousin. However, as the record indicates and how the court has pointed out today that there is other evidence here indicating that Mr. Phillips was aware who the defendant was, testified that it was his cousin and he did testify in this case that he had no doubt in his mind it was the defendant who shot him on that day multiple times. So the trial court stating this did not go to the crux of its findings here as there was other evidence to show that he knew who the defendant was and he knew it was his cousin. As for counsel's argument regarding the misstatement of evidence of the gun being reloaded essentially, as the court indicated here, there was testimony from Mr. Phillips that something happened to the gun when he, after he was shot and then when he went to get, when the defendant went to shoot him again, the gun essentially jammed and decocked and it was at that point that Mr. Phillips ran and then something had to have happened here and it's reasonable for the court to infer that somehow a bullet did end up back in the chamber here because Mr. Phillips testified he was then again shot multiple times in his back immediately following him running away from the defendant who he testified was his cousin, Mr. Crofts in this case. So the trial court's misstatement of evidence does not again go to the crux here as there was other evidence indicating that something here happened to the gun that was in Mr. Crofts' hand on the day of the incident. It's also important to note here that for the state to prove aggravated battery, all they have to prove is that while a battery is occurring an individual uses a firearm and causes injury. In this case, the state proved through Mr. Phillips' testimony as well as testimony of the officers that it was defendant who raised a gun on July 15, 2023 to Mr. Phillips, shooting him at least at least eight times here and caused injury to his shoulder, to his rear, to his back, which was testified to by the officer who saw the injuries and as well was, it was seen in court by the judge through Mr. Phillips' own body and the injuries he had. So to prove aggravated battery, the state did that. You'd be on a reasonable doubt or guilty on a reasonable doubt that they proved it. And I think it was entirely proper for the trial court to rely on Mr. Phillips' testimony here and to go to counsel's argument that the conditions here were not reliable for an accurate identification. I think it's unpersuasive, especially when counsel is arguing that he was intoxicated and that he had vision issues. However, the evidence in this case, the record in this case, there's nothing in this case that says that he had vision issues on the day of the incident, nothing. And there's nothing here in the record that indicates that he was impaired or intoxicated to the point where he could not recall the events that occurred that day or remember the defendant shooting him multiple times two feet away from him. Counsel will take any questions regarding argument one, if the court has any, otherwise I'll move to argument two. I don't see any, go ahead. Okay, thank you. Briefly, I have to go to defendant's argument that he was denied a fair trial based on the court making the statements of unrebutted, uncontradicted testimony. The state would argue that these comments were not indirectly regarding defendant's right to testify. Essentially, the trial court was saying that based on the evidence it had in front of it, whether that was Mr. Phillips' testimony, testimony from Ms. Norman or Mr. Johnson or the officers, simply say that based on this evidence, there's nothing to rebut or contradict Mr. Phillips' testimony, and that's true in this case. Ms. Norman or Mr. Johnson, who the court found credible up to a point and then decided, essentially refused to identify anybody as the shooter that day, arguably could have testified who the shooter was that day, but as the court found, they believed that they were either covering for someone or covering something up in this case. So, there was other people there that day that could have testified to who the shooter was, but chose not to, and the comments made by the trial court were not stating that because defendant didn't testify, there's nothing to rebut or contradict the evidence in this case. That's not what their comments were. They were saying based on the evidence it had, there was nothing that rebutted or contradicted the evidence. In fact, the court never made any comment about defendant not testifying in this case. And so, with that, we would argue that the defendant's right to a fair trial was not denied here whatsoever, and that the trial court's reliance on Mr. Phillips' testimony was proper as it was credible. He was the only eyewitness testimony who witnessed his cousin, who he's known since birth, attempt to shoot him not only in his face two feet away, but then continue to shoot him multiple times. If the court does not have any other questions, the state would ask that this court affirm the convictions and as well as affirm the 18-year prison sentence. Thank you. Thank you. Ms. Free, your rebuttal. Thank you. So, three brief points for the first issue. So, my first point is that I want to a totality of the circumstances assessment. So, here again, we have no motive that was presented by the state. Weapons focus that was confirmed by Mr. Phillips on the stand when he said that he turned around to a barrel in his face. Mr. Phillips... But motive is not an element of the offense, correct? There doesn't have to be a motive? Correct. Okay. Given highlighting the weakness of the state's case here, we have the allegation that my client, for no reason, ran down his cousin and shot him eight times. And in the context of no other physical evidence, the stress of the event, we know that there were a lot of people, there was a lot of commotion going on. Ultimately, Mr. Phillips' testimony was simply not reliable enough to prove Mr. Cross guilty beyond a reasonable doubt. And here, I'd like to move on to the misstatements of evidence and inaccurately recalling testimony. And I'd like to briefly argue that this misstatement did go to the crux of the defense because this whole case rested on the credibility of the one witness. And so, how the trial court found that credibility matters here. And here, we have affirmative evidence in the record that the trial court considered matters that were not in evidence. And then lastly, about Mr. Phillips showing a scar to the court. So, the trial court also called showing the scar unrebutted or uncontradicted. And here, we don't know enough about this injury to say that it supports a finding of guilt beyond a reasonable doubt. We know that Mr. Phillips showed a scar on his shoulder. We don't know anything about where the scar came from, whether it was from the night in question. There's no testimony or any other evidence that backs this up. And so, to find Mr. Cross guilty- Other than him saying I got shot there. Say that again, your honor. I'm sorry. Other than him saying I got shot there. Other than him saying I got shot there. But here, he says that he was shot in the shoulder, in the rear, in the back. And ultimately, Mr. Cross was found guilty of shooting him eight times. And we have nothing other than Mr. Phillips stating it was eight times to substantiate this. And lastly, just moving on to the second issue briefly about Amber Norman and Isaac Johnson's testimony, that the characterization that they refused to identify somebody is speculation. There's nothing in the record that shows that these two witnesses knew who the shooter was and refused to do it. So, to say that they could have testified as to who the shooter was but just chose not to, there's nothing in the record that supports this assertion. And ultimately, when the court makes a comment about the state's evidence saying that it was unrebutted or uncontradicted, and the defendant is the only person who could have contradicted it, this does constitute improper comment, and it doesn't need to be a direct or explicit comment. But outside of those points, your honor, I'm finished with my argument and thank you for your time today. All right. Thank you both for your arguments this afternoon. The court will take the matter under advisement and render a decision in due course. Court stands adjourned for the day.